IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGDALIA FORT,<br><br>**Plaintiff**,<br><br>v.<br><br>ABZCO, LLC D/B/A BRITO DEVELOPMENT; PRLP FE PROPERTIES, LLC; ALEJANDRO BRITO-ZUBIZARRETA; CARLOS LÁZARO CASTRO; AND JAN CARLOS VÁZQUEZ,<br><br>**Defendants**. | **Civil No.** 20-1082 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Defendants ABZCO, LLC d/b/a Brito Development ("Brito Development"), Alejandro Brito-Zubizarreta, Jan Carlos Vázquez, and Carlos Lázaro-Castro (collectively, "defendants") move to dismiss Migdalia Fort's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 16.) Defendants also move for sanctions pursuant to Federal Rule of Civil Procedure 11. (Docket No. 16 at pp. 21—23.) For the reasons set forth below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for sanctions.

---

[1] Samantha Gowing, a second-year student at the University of Michigan Law School, assisted in the preparation of this Opinion and Order.

Civil No. 20-1082 (FAB)                                                       2

## I. Factual and Procedural Background

Dr. Migdalia Fort ("Fort") and Brito Development entered into a contract on April 1, 2019 concerning the construction of her "dream home" (the "house") in Puerto Rico. (Docket No. 1 at pp. 3, 10.) Brito Development agreed to complete the house by June of 2019. Id. at pp. 3—4. Based on this agreement, Fort moved from New Jersey to Puerto Rico on April 23, 2019. Id. Fort relocated to Puerto Rico with several suitcases and two 45-foot shipping containers, a move that cost approximately $40,000. Id. While the property underwent construction, Brito Development's managing member, Alejandro Brito-Zubizarreta, allowed Fort to reside at the Murano Luxury Apartments in Guaynabo, Puerto Rico, for the cost of electricity and water consumption. Id. at 4.

Brito Development failed to complete the house by June, altered the landscaping of the property without Fort's approval, and presented an inferior work product. Id. at 5-9. Fort no longer seeks to purchase the house, but Brito Development refuses to return the $89,000 that she placed in escrow. Id. at 24. Fort filed this complaint alleging four causes of action pursuant to Puerto Rico law: (1) breach of contract, (2) unlawful withholding of money, (3) fraudulent misrepresentation, and (4) intentional infliction of emotional distress. Id. at 25-28. Fort also alleges that Brito Development violated 18 U.S.C. § 1962(c), a federal law

imposing civil liability for racketeering activity. Id. at 28. The defendants are citizens of, or incorporated in, Puerto Rico. Id. at 2.

Fort commenced this action on February 13, 2020. (Docket No. 1.) The defendants moved to dismiss the complaint pursuant to Rule 12(b)(1), asserting "a complete lack of diversity jurisdiction." (Docket No. 16 at p. 2.) Fort responded, and the defendants replied. (Docket Nos. 20 and 27.)

## II. Discussion

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003); Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (noting that the Court "ha[s] the duty to construe [its] jurisdictional grants narrowly") (Besosa, J.). Fort shoulders the burden of establishing federal jurisdiction by a preponderance of the evidence. See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). Subject matter jurisdiction is based on diversity of citizenship or federal question jurisdiction. 28 U.S.C. §§ 1331-32.

### A. Diversity Jurisdiction

To establish diversity, the plaintiff may not be a citizen of the same state as any defendant. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "'Citizenship or domicile, not

Civil No. 20-1082 (FAB)                                                 4

residence, is the basis of subject matter jurisdiction.'" Aponte-Dávila v. Mun. of Caguas, 828 F.3d 40, 49 (1st Cir. 2016) (alteration omitted) (quoting Montle, 964 F.2d at 53).  "Proving domicile requires two showings:  (1) 'physical presence in a place,' and (2) 'the intent to make that place one's home.'" Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (quoting Valentín v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001).

A variety of factors guide the domicile inquiry, including current residence, voting registration and voting practice, location of personal and real property, driver's license and other automobile registration, and payment of taxes. Aponte-Dávila, 828 F.3d at 46 (citing García Pérez v. Santaella, 364 F.3d 348, 351 (1st Cir. 2004)).  None of these factors alone is dispositive, and courts do not determine domicile by simply counting the number of contacts with the state.  Id. at 47. Instead, courts consider the substantive nature of these factors, Id., and rely on them to the extent they are *indicia* of the party's intent to remain in the state, see Jiménez-Franceschini v. Bentley, 867 F. Supp. 2d 276, 281 (D.P.R. 2012) (Besosa, J.).

Domicile is determined at the moment the complaint is filed.  García Pérez, 364 F.3d at 349.  Events that occurred after the filing of the complaint "are not part of the primary [domicile]

calculus." Id. They may, however, "bear on the sincerity of a professed intention to remain" in a state. Id.

### 1. The Puerto Rico Law Claims are Dismissed for Lack of Diversity Jurisdiction

Throughout the complaint, Fort's intent to make Puerto Rico her long-term home is clear. The very basis of Fort's claim is a contract to build her "dream home" in Puerto Rico where she intends to retire. (Docket No. 1.) At the moment of filing the complaint, Fort had already moved herself and many of her belongings to Puerto Rico. Those belongings filled two 45-foot shipping containers and cost $40,000 dollars to transport to Puerto Rico, a significant undertaking one is unlikely to take if relocating only temporarily. Id. at pp. 3—4.

Fort emphasizes that she traveled to Puerto Rico to receive medical care. (Docket No. 20 at p. 3.) This case, however, is not one in which the plaintiff moved to a state for the sole purpose of receiving medical care but intends to return to her prior residence. See, e.g., Aponte-Dávila, 828 F.3d at 48. Instead, Fort's intent when moving to Puerto Rico was to retire and establish the house as her long-term residence. Although this residence never came to fruition as Fort intended, the complaint demonstrates that her current residence in Puerto Rico as well as

Civil No. 20-1082 (FAB)                                                6

her intent to make Puerto Rico her home.  Accordingly, Fort's domicile shifted from New Jersey to Puerto Rico.

Fort's remaining ties to New Jersey are insufficient to establish New Jersey domicile.  Most notably, Fort no longer has a residence in New Jersey to which she can return.  The only New Jersey address cited by Fort is a P.O. Box, and she avers that she and her daughter are "homeless" due to Brito Development's alleged breach of contract.  Docket No. 1 at p. 24; Docket No. 27 at p. 5; see, e.g., Smith v. Breakthrough Int'l, Case No. 12-1832, 2013 U.S. Dist. LEXIS 125581 *13 (N.D. Cal. Sept. 3, 2013) ("But just having a post office box in Portland today would not be sufficient proof of domicile.").  Moreover, the documents tying Fort to New Jersey — her drivers' license, vehicle registration, phone bill, and tax returns from the years that she lived in New Jersey — fail to establish a present or future intent to reside in New Jersey.  This failure is fatal to Fort's assertion of diversity jurisdiction.  Consequently, the motion to dismiss is **GRANTED**.

**B.   Federal Question Jurisdiction**

Federal question jurisdiction exists if the action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To invoke federal question jurisdiction, Fort "must pay tribute to the well-pleaded complaint

rule." R.I. Fisherman's Alliance, Inc., v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). The Court examines "the 'well pleaded' allegations of the complaint and ignore[s] potential defenses." Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 6 (2003). A federally created right or immunity must appear "on the face of the complaint," see Brough v. United Steelworkers of Am., AFL-CIO, 437 F.2d 748, 749 (1st Cir. 1971), and the federally created right or immunity must be an essential element of plaintiff's cause of action. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983).

In this case, federal question jurisdiction rests on Fort's cause of action pursuant to 18 U.S.C. § 1962(c) ("RICO claim"). (Docket No. 1 at p. 28.) For liability to attach, a defendant must engage in two or more of the predicate acts enumerated in 18 U.S.C. § 1961(1). See Miranda v. Ponce Fed. Bank, 948 F.2d 41, 45 (1st Cir. 1991). Nine state law claims may form the basis of a RICO cause of action: murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical. 18 U.S.C. § 1961(1). This list is exhaustive. See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 232 (1989); United States v. Flemmi, 245 F.3d 24, 26 (1st Cir. 2001) (holding that the "predicate acts [in

a RICO action] had to constitute crimes of the type specifically enumerated in the statute").

    **1. Fort Fails to Set Forth a Predicate Act**

Fort does not allege in her complaint that any defendant engaged in a predicate act that triggers RICO liability. Because Fort fails to allege a RICO claim adequately, no federally created right or immunity appears on the face of the complaint. Consequently, the complaint cannot rest on federal question jurisdiction.

**III. Rule 11 Sanctions**

The defendants request that the Court impose sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). (Docket No. 16 at pp. 21—23.) They contend that the assertion of diversity jurisdiction and the insufficient RICO claim were frivolous. Id.

A frivolous lawsuit may result in sanctions, such as an award of attorney's fees. Fed. R. Civ. P. 11(c). Courts employ an objective standard in determining whether a litigant and his or her attorney reasonably commenced and litigated a cause of action. See Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990) (affirming the imposition of sanctions pursuant to Rule 11 because "plaintiffs' attorney's litigation of this claim was 'a vexatious time consuming exercise which bore no fruit.'"); Nyer v. Winterthur

Int'l, 290 F.3d 456, 462 (1st Cir. 2009) (affirming the imposition of sanctions pursuant to Rule 11, because "no attorney, particularly relying on this apportionment argument, could reasonably have believed that the facts of this case could sustain a claim against [the defendant]").

While the imposition of Rule 11 sanctions does not require a finding of bad faith, a showing of at least culpable carelessness is required. Citibank Global Mkts., Inc., v. Santana, 573 F.3d 17, 32 (1st Cir. 2009). Sanctions pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Ultimately, the "imposition of sanctions is a judgment call." Kale v. Combined Ins. Co., 861 F.2d 746, 758 (1st Cir. 1988).

Two days after Fort filed the complaint in this action, she commenced a civil action against the Department of Veteran's Affairs in the United States District Court for the District of Puerto Rico ("subsequent action"). Fort V. U.S. Dep't of Veterans Affairs, Case No. 20-1089 (D.P.R. Feb. 15, 2020) (Carreño-Coll, J.). In the subsequent action, Fort alleges that her residence is Puerto Rico. Id. at 2. The Court is cognizant that "[d]omicile is not necessarily synonymous with residence, and [that Fort] can reside in one place but be domiciled in another." Miss. Band. of

Civil No. 20-1082 (FAB)                                                    10

Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  Accordingly, Fort's allegations regarding diversity jurisdiction do not satisfy the high threshold required for Rule 11 sanctions.  Fort and her counsel should note, however, that a party may not manipulate domicile for the purpose of selecting the most favorable jurisdiction.  The failure to cite a predicate offense concerning the RICO claim, without more, does not warrant the imposition of sanctions.

**IV. Conclusion**

For the reasons discussed above, the motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and the motion for sanctions is **DENIED**.  (Docket No. 16.)  The complaint is **DISMISSED WITHOUT PREJUDICE** as to the state law claims, and **WITH PREJUDICE** as to the federal RICO claims pursuant to 18 U.S.C. § 1962(c).

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 25, 2020.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE